**ANTHONY E. COLOMBO JR.**
California State Bar No. 218411
The Senator Building 3rd Floor
105 West "F" Street
San Diego, California 92101
Telephone: (619) 236-1704

Attorney for Mr. Deric Williams

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**DERIC WILLIAMS,** | ) | Case No. 07cr2985-WQH<br><br>Date: December 17, 2007<br>Time: 2:00 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br>1)COMPEL DISCOVERY;<br>2)JOIN CO-DEFENDANT'S MOTION; AND<br>3)GRANT LEAVE TO FILE FURTHER MOTIONS. |

TO: KAREN P. HEWITT, SPECIAL UNITED STATES ATTORNEY, and TIMOTHY SALEL, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that on December 17, 2007, at 2:00 p.m. or as soon thereafter as counsel may be heard, the defendant, Deric Williams, through his counsel, Anthony E. Colombo Jr., will ask this Court to enter an order granting the following motions.

**MOTIONS**

The defendant, Deric Williams, by and through his counsel, Anthony E. Colombo Jr., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

1) Compel Discovery;
2) Join Co-defendant's Motion; and
3) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

/s *Anthony E. Colombo Jr.*

Dated: December 17, 2007

ANTHONY E. COLOMBO JR.
Attorney for Mr. Deric Williams

**ANTHONY E. COLOMBO JR.**
California State Bar No. 218411
The Senator Building 3rd Floor
105 West "F" Street
San Diego, California 92101
Telephone No. (619) 236-1704

Attorney for Mr. Deric Williams

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**DERIC WILLIAMS,**<br>Defendant. | Case No. 07cr2985-WQH<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**[1]

On October 31, 2007, Mr. Williams, along with eight co-defendants was charged with one count of violating Title 21 U.S.C. § 841(a)(1), and § 846, Conspiracy to Distribute Methamphetamine.

**II.**

**MOTION TO COMPEL DISCOVERY**

This request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) Mr. Williams' Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Williams; (2) copies of any written record containing the substance of any

[1] To date Mr. Williams has not received a single page of discovery and therefore cannot provide the Court with a statement of facts.

statements made by Mr. Williams; and (3) the substance of any statements made by Mr. Williams that the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A), and 16(a)(1)(B)(i), and (ii). This request specifically includes a copy any rough notes inspectors/agents took of any statements Mr. Williams made in connection to the charged counts. See Fed. R.Crim. P. 16(a)(1)(B)(ii).

(2) Mr. Williams' Prior Record. Mr. Williams requests disclosure of his prior record. This includes his record of contacts with all law enforcement including but not limited to the United States Border Patrol and/or the Immigration and Naturalization Service, the DEA, FBI, and ATF even if those contacts did not result in prosecution. See Fed. R. Crim. P. 16(a)(1)(D). Mr. Williams is specifically requesting that he be provided with a complete copy of his "Rap sheet."

(3) Arrest Reports, Notes and Dispatch Tapes. Mr. Williams also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. This request includes, but it is not limited to, any rough notes, photographs, records, reports, transcripts or other discoverable material. Fed. R. Crim. P. 16 (a)(1)(E); Brady v. Maryland, 373 U.S. 83 (1983). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16 (a)(1)(B) and (E); Fed. R. Crim. P. 26.2 and 12(h).

(4) Documents and Tangible Objects. Mr. Williams requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(E).

(5) Reports of Scientific Tests or Examinations. Mr. Williams requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(F).

(6) Expert Witnesses. Mr. Williams requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(F). In addition, Mr. Williams requests written summaries describing the bases and reasons for the expert's opinions. See id. Mr. Williams requests that the Court order the government to notify the defense as such in a timely manner, so that a proper 104 (Kumho-Daubert) admissibility hearing can be conducted without unduly delaying the trial.

(7) Brady Material. Mr. Williams requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963). In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Williams requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). In addition, Mr. Williams requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(8) Request for Preservation of Evidence. Mr. Williams specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case.

(9) Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Williams requests such notice six weeks before trial in order to allow for adequate trial preparation.

(10) Witness Addresses. Mr. Williams' counsel requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as government witnesses.

(11) Jencks Act Material. Mr. Williams requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1)and Rule 16(a)(1)(B)(ii). This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(3).

(12) Original I-213s, G-166s, and I215Bs. Mr. Williams requests that these reports be produced.

(13) Informants and Cooperating Witnesses. Mr. Williams requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Williams. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Williams. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.

(14) Pen Registers and Wiretap Applications and Orders. Mr. Williams requests that any Pen Registers and Applications and Orders for Wiretaps be disclosed.

(15) Residual Request. Mr. Williams intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## MOTION TO JOIN CO-DEFENDANT'S MOTION TO DISCLOSE PROFFER INFORMATION

Mr. Williams moves to join co-defendant Victor Ramos' Motion for Disclosure of Proffer Information filed on November 13, 2007, and is recorded on the Clerk's Docket as Document Number 28.

## IV.

## GRANT LEAVE TO FILE FURTHER MOTIONS

Mr. Williams has not received any discovery in this case, and expects that discovery will be forthcoming. As a result, Mr. Williams requests leave to file further motions based upon that discovery.

//

//

//

//

//

## V.

## CONCLUSION

For the foregoing reasons, Mr. Williams respectfully requests that this Court grant these motions.

Respectfully submitted,

/s *Anthony E. Colombo Jr.*

Dated: November 21, 2007

ANTHONY E. COLOMBO JR.
Attorney for Mr. Williams