1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07CR2985 WQH |
| Plaintiff, | ORDER |
| vs. | |
| DERIC WILLIAMS, | |
| Defendant. | |

16   HAYES, Judge,

17         The matter before the Court is the Motion to Revoke the Magistrate Judge's Order of

18   Detention (#66) filed by Defendant Deric Williams.

19                                    **FACTS**

20         On October 31, 2007, the grand jury returned an indictment charging the Defendant

21   Deric Williams and eight other individuals with conspiracy to distribute methamphetamine in

22   violation of Title 21, United States Code, Sections 841(a)(1) and 846.

23         On November 1, 2007, the United States Magistrate Judge issued an arrest warrant for

24   Defendant Williams.

25         On November 6, 2007, Defendant Williams and six other Defendants were arrested.

26         On November 7, 2007, Defendant Williams and six other Defendants were brought

27   before a United States Magistrate Judge for an initial appearance.  Defendant Williams was

28   arraigned on the one count Indictment and entered a plea of not guilty. The attorney for the

1  United States made an oral motion to detain Defendant Williams.  The United States

2  Magistrate Judge set a detention hearing for November 9, 2007.

3      On November 7, 2007, counsel for Defendant Williams sent by facsimile and mail a

4  letter to counsel for the United States requesting that the United States turn over any wiretap

5  applications and orders prior to the detention hearing.

6      On November 9, 2007, the United States Magistrate Judge held a detention hearing for

7  Defendant Williams.  Defendant Williams requested a continuance of the detention hearing.

8  The United States Magistrate Judge granted the request for a continuance and reset the

9  detention hearing for November 15, 2007.

10      On November 15, 2007, the United States Magistrate Judge held a detention hearing.

11  The United States moved to detain Defendant Williams pending trial based upon a risk of

12  flight.  The United States argued that no conditions can adequately assure the Defendant's

13  presence.  The United States asserted that evidence against the Defendant was extremely

14  strong, including intercepted telephone calls, information from cooperators, and surveillance.

15  Counsel for the United States stated that "there were a number of surveillances, including one

16  incidence on February 22nd when agents personally observed Mr. Williams deliver

17  approximately one to two pounds of methamphetamine to Victor Ramos, one of the co-

18  defendants.  Post arrest, the Defendant admitted as much and admitted crossing other loads for

19  multiple drug organizations in Mexico, including the AFO and other Sinaloa drug cartels."

20  Doc. # 66-2, Exhibit A at 3.  The United States argued that Defendant Williams had an

21  extensive criminal history although dated, and that TECS records showed that Defendant

22  Williams lived and worked primarily in Mexico.

23      Defendant Williams asserted that there is a condition or combination of conditions

24  which could be set by the Court to insure his presence at future court appearances.  Defendant

25  Williams argued that the United States was not entitled to rely upon any wiretap evidence at

26  the detention hearing because no discovery has been provided and that the weight of the

27  evidence is the least important factor.  Defendant Williams asserted that he is a U.S. citizen

28  with all of his immediate family including sisters, brothers and two children living in Southern

1  California; that his most recent criminal history is almost ten years old; and that he has no

2  history of drug or alcohol abuse. Defendant Williams argued that a bond in the amount of

3  $100,000.00 secured by real property and personal sureties would be adequate to assure his

4  appearance.

5        The United States Magistrate Judge concluded:

> In light of the drugs and the quantities involved in this case and the seriousness
> of the offense, the Government has the benefit of a presumption that you pose
> a risk of flight due to the sentence that you may be facing. The weight of the
> evidence in this case . . . is relatively strong, although that's the least important
> factor for me to consider. It's therefore your burden to overcome the
> presumption by showing other factors that I need to consider would indicate that
> there would be conditions I could set that would indicate that you're not a flight
> risk.

> I think this is a very close call in this case. Weighing in your favor certainly is
> the fact that you're a U.S. citizen and that you have family ties here. However,
> on the other side of the balance of that equation, there seems to be a criminal
> history, although slightly dated, that also indicated probation violations, that
> your employment is self-employment that doesn't require that you be here in the
> United States, that in fact you have that employment in Mexico, that you're
> currently residing there, and that your closest personal relationship is with
> someone in Mexico.

> On balance, considering those factors against the presumption, I don't think that
> your counsel has overcome the presumption in this case. Therefore, I am going
> to grant the Government's motion to detain without prejudice.

17  Doc. # 66-2, Exhibit A at 12.

18        On December 3, 2007, Defendant Williams filed the motion to revoke the order of

19  detention now before this Court. Defendant Williams contends that a combination of conditions

20  could be set which would assure his appearance at future proceedings. Defendant Williams

21  asserts that the Magistrate Judge erroneously relied upon the wiretap intercepts in this case to

22  determine the weight of the evidence. Defendant Williams asserts that the United States failed

23  to comply with its obligation in Title 18 U.S.C. § 2518(9)[1] to "furnish[] a copy of the court

24  order, and accompanying application under which the interception was authorized or approved"

---

26      [1]18 U.S.C. § 2518(9) provides in relevant part: "The contents of any wire, oral, or electronic

27  communication intercepted pursuant to this chapter or evidence derived therefrom shall not be
received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or
State court unless each party, not less than ten days before the trial, hearing, or proceedings, has been

28  furnished with a copy of the court order, and accompanying application under which the interception
was authorized or approved."

prior to relying upon the intercepts in the detention hearing.  Defendant Williams asserts that the Magistrate Judge erroneously concluded that his ties with Mexico outweighed his community ties with the United States.  Defendant Williams contends that this Court should conclude that he is not a flight risk and set a $100,000.00 bond, secured by $75,000.00 in real property; $25,000.00 in signatures of three financially responsible adults, along with electronic monitoring and a 9 p.m. to 6 a.m. curfew.

On December 7, 2007, this Court held a hearing on the Defendant's motion to revoke the order of detention.  Defendant asserted that his lifetime ties to Southern California outweigh the fact that he has lived on and off in Tijuana because he was starting a business there and his girlfriend lives there.  The United States argued that there is a presumption that there is no condition or combination of condition that would reasonably assure the Defendant appearance which the Defendant has not rebutted; that Defendant has resided part time in Tijuana and has the ability to earn a living there; and that the Defendant has an extensive criminal history.  The Government contends that the Magistrate Judge did not err in concluding that the proposed bond was not adequate to reasonably assure the Defendant appearance.

### RULING OF THE COURT

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*.  The Government must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on bond.  *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990).  The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and circumstances of the offense charged, the

weight of the evidence, and the history and characteristics of the Defendant.  The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2).  *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

The charges against the Defendant in the Indictment include a minimum mandatory 10 year sentence and a maximum term of life imprisonment. 18 USC § 3142(e) provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of the community if the judicial officer concludes that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act .... "  The presumption is rebuttable and the government retains the burden of proving by a clear preponderance that there is no condition or combination of condition that would reasonably assure the Defendant appearance.

There is probable cause in this case to believe that the Defendant committed the offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846 as charged in the Indictment.  The Court has not considered any reference to the wiretap intercepts in deference to the requirements of 18 U.S.C. Section 2518(9) but find that the weight of the evidence from cooperators, surveillance by government agents, and the Defendant's post-arrest statements is strong.  The weight of the evidence is the least important factor but the Defendant faces a substantial term of imprisonment if convicted.

The Court concludes that there is a presumption that there is no condition or combination of condition that would reasonably assure the Defendant appearance and finds that the Defendant has not rebutted the presumption.  The Court finds that the most important factor in this case is the Defendant's strong employment and personal ties to Mexico. The Defendant has been living at least part time in Tijuana.  Defendant is starting a business in Tijuana. Defendant's girlfriend lives in Tijuana.  Defendant has resided part time in Tijuana and has the ability to earn a living in Mexico.  The Court has taken the bond package into consideration but does not find it sufficient to reasonably assure Defendant's appearance at future proceedings.  This Court concludes that the Defendant has not rebutted the presumption in §

1  3142(e) that no condition or combination of conditions will reasonably assure the appearance

2  of the Defendant as required.  The Government has established that the Defendant is a risk of

3  flight by a clear preponderance of the evidence.

4       IT IS HEREBY ORDERED THAT Defendant's Motion to Revoke Magistrate Judge's

5  Order of Detention (#66-1) is denied and the Defendant is ordered detained pending trial in this

6  matter.

7  DATED:  December 12, 2007

8             **WILLIAM Q. HAYES**

9             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR2985 WQH