# Notice of Appeal to a Court of Appeals From a Judgement or Order of a District Court

United States District Court for the Southern

District of California

File Number-Pending

FILED
DEC 17 2007
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

United States of America, )
Plaintiff/Appellee )
)
v. ) Notice of Appeal
)
Deric Williams, )
Defendant/Appellant )

Notice is hereby given that Deric Williams, the defendant, in the above named case, *United States of America v. Deric Williams 07CR2985-WQH*, hereby appeals to the United States Court of Appeals for the Ninth Circuit from an order of Pre-trial Detention entered in this action on the 12th day of December, 2007.

(s) Anthony E. Colombo Jr.
Attorney for Defendant /Appellant
Address: 105 West F Street, Third Floor
San Diego, CA 92101
Phone No. (619) 236-1704
Fax No. (619) 236-1852

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DERIC WILLIAMS,<br>Defendant. | CASE NO. 07CR2985 WQH<br>ORDER |

HAYES, Judge,

The matter before the Court is the Motion to Revoke the Magistrate Judge's Order of Detention (#66) filed by Defendant Deric Williams.

**FACTS**

On October 31, 2007, the grand jury returned an indictment charging the Defendant Deric Williams and eight other individuals with conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

On November 1, 2007, the United States Magistrate Judge issued an arrest warrant for Defendant Williams.

On November 6, 2007, Defendant Williams and six other Defendants were arrested.

On November 7, 2007, Defendant Williams and six other Defendants were brought before a United States Magistrate Judge for an initial appearance. Defendant Williams was arraigned on the one count Indictment and entered a plea of not guilty. The attorney for the

United States made an oral motion to detain Defendant Williams. The United States Magistrate Judge set a detention hearing for November 9, 2007.

On November 7, 2007, counsel for Defendant Williams sent by facsimile and mail a letter to counsel for the United States requesting that the United States turn over any wiretap applications and orders prior to the detention hearing.

On November 9, 2007, the United States Magistrate Judge held a detention hearing for Defendant Williams. Defendant Williams requested a continuance of the detention hearing. The United States Magistrate Judge granted the request for a continuance and reset the detention hearing for November 15, 2007.

On November 15, 2007, the United States Magistrate Judge held a detention hearing. The United States moved to detain Defendant Williams pending trial based upon a risk of flight. The United States argued that no conditions can adequately assure the Defendant's presence. The United States asserted that evidence against the Defendant was extremely strong, including intercepted telephone calls, information from cooperators, and surveillance. Counsel for the United States stated that "there were a number of surveillances, including one incidence on February 22nd when agents personally observed Mr. Williams deliver approximately one to two pounds of methamphetamine to Victor Ramos, one of the co-defendants. Post arrest, the Defendant admitted as much and admitted crossing other loads for multiple drug organizations in Mexico, including the AFO and other Sinaloa drug cartels." Doc. # 66-2, Exhibit A at 3. The United States argued that Defendant Williams had an extensive criminal history although dated, and that TECS records showed that Defendant Williams lived and worked primarily in Mexico.

Defendant Williams asserted that there is a condition or combination of conditions which could be set by the Court to insure his presence at future court appearances. Defendant Williams argued that the United States was not entitled to rely upon any wiretap evidence at the detention hearing because no discovery has been provided and that the weight of the evidence is the least important factor. Defendant Williams asserted that he is a U.S. citizen with all of his immediate family including sisters, brothers and two children living in Southern

California; that his most recent criminal history is almost ten years old; and that he has no history of drug or alcohol abuse. Defendant Williams argued that a bond in the amount of $100,000.00 secured by real property and personal sureties would be adequate to assure his appearance.

The United States Magistrate Judge concluded:

> In light of the drugs and the quantities involved in this case and the seriousness of the offense, the Government has the benefit of a presumption that you pose a risk of flight due to the sentence that you may be facing. The weight of the evidence in this case . . . is relatively strong, although that's the least important factor for me to consider. It's therefore your burden to overcome the presumption by showing other factors that I need to consider would indicate that there would be conditions I could set that would indicate that you're not a flight risk.
>
> I think this is a very close call in this case. Weighing in your favor certainly is the fact that you're a U.S. citizen and that you have family ties here. However, on the other side of the balance of that equation, there seems to be a criminal history, although slightly dated, that also indicated probation violations, that your employment is self-employment that doesn't require that you be here in the United States, that in fact you have that employment in Mexico, that you're currently residing there, and that your closest personal relationship is with someone in Mexico.
>
> On balance, considering those factors against the presumption, I don't think that your counsel has overcome the presumption in this case. Therefore, I am going to grant the Government's motion to detain without prejudice.

Doc. # 66-2, Exhibit A at 12.

On December 3, 2007, Defendant Williams filed the motion to revoke the order of detention now before this Court. Defendant Williams contends that a combination of conditions could be set which would assure his appearance at future proceedings. Defendant Williams asserts that the Magistrate Judge erroneously relied upon the wiretap intercepts in this case to determine the weight of the evidence. Defendant Williams asserts that the United States failed to comply with its obligation in Title 18 U.S.C. § 2518(9)[1] to "furnish[] a copy of the court order, and accompanying application under which the interception was authorized or approved"

---

[1] 18 U.S.C. § 2518(9) provides in relevant part: "The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceedings, has been furnished with a copy of the court order, and accompanying application under which the interception was authorized or approved."

prior to relying upon the intercepts in the detention hearing. Defendant Williams asserts that the Magistrate Judge erroneously concluded that his ties with Mexico outweighed his community ties with the United States. Defendant Williams contends that this Court should conclude that he is not a flight risk and set a $100,000.00 bond, secured by $75,000.00 in real property; $25,000.00 in signatures of three financially responsible adults, along with electronic monitoring and a 9 p.m. to 6 a.m. curfew.

On December 7, 2007, this Court held a hearing on the Defendant's motion to revoke7he order of detention. Defendant asserted that his lifetime ties to Southern California outweigh the fact that he has lived on and off in Tijuana because he was starting a business there and his girlfriend lives there. The United States argued that there is a presumption that there is no condition or combination of condition that would reasonably assure the Defendant appearance which the Defendant has not rebutted; that Defendant has resided part time in Tijuana and has the ability to earn a living there; and that the Defendant has an extensive criminal history. The Government contends that the Magistrate Judge did not err in concluding that the proposed bond was not adequate to reasonably assure the Defendant appearance.

## RULING OF THE COURT

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The Government must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on bond. *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and circumstances of the offense charged, the

weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

The charges against the Defendant in the Indictment include a minimum mandatory 10 year sentence and a maximum term of life imprisonment. 18 USC § 3142(e) provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of the community if the judicial officer concludes that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act .... " The presumption is rebuttable and the government retains the burden of proving by a clear preponderance that there is no condition or combination of condition that would reasonably assure the Defendant appearance.

There is probable cause in this case to believe that the Defendant committed the offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846 as charged in the Indictment. The Court has not considered any reference to the wiretap intercepts in deference to the requirements of 18 U.S.C. Section 2518(9) but find that the weight of the evidence from cooperators, surveillance by government agents, and the Defendant's post-arrest statements is strong. The weight of the evidence is the least important factor but the Defendant faces a substantial term of imprisonment if convicted.

The Court concludes that there is a presumption that there is no condition or combination of condition that would reasonably assure the Defendant appearance and finds that the Defendant has not rebutted the presumption. The Court finds that the most important factor in this case is the Defendant's strong employment and personal ties to Mexico. The Defendant has been living at least part time in Tijuana. Defendant is starting a business in Tijuana. Defendant's girlfriend lives in Tijuana. Defendant has resided part time in Tijuana and has the ability to earn a living in Mexico. The Court has taken the bond package into consideration but does not find it sufficient to reasonably assure Defendant's appearance at future proceedings. This Court concludes that the Defendant has not rebutted the presumption in §

3142(e) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Government has established that the Defendant is a risk of flight by a clear preponderance of the evidence.

IT IS HEREBY ORDERED THAT Defendant's Motion to Revoke Magistrate Judge's Order of Detention (#66-1) is denied and the Defendant is ordered detained pending trial in this matter.

DATED: December 12, 2007

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge

MIME-Version:1.0
From:efile_information@casd.uscourts.gov
To:casd.uscourts.gov
Bcc:adair.c@sbcglobal.net, ediaz@prodigy.net, markadamsesq@yahoo.com, charlesnguthrie@aol.com, fjragen@aol.com, lalanya@cox.net, lucia_ls18@hotmail.com, nrosenfeld@aol.com, zugman@sbcglobal.net, Efile.dkt.gc2@usdoj.gov, anthonycolombolegal@yahoo.com, nrodoffice@yahoo.com, efile_Hayes@casd.uscourts.gov
Message-Id:<2263510@casd.uscourts.gov>
Subject:Activity in Case 3:07-cr-02985-WQH USA v. Barajas et al Initial Appearance
Content-Type: text/html

*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**Southern District of California**

## Notice of Electronic Filing

The following transaction was entered on 11/8/2007 at 12:40 PM PST and filed on 11/7/2007

**Case Name:** USA v. Barajas et al
**Case Number:** 3:07-cr-2985
**Filer:**
**Document Number:** 13(No document attached)

**Docket Text:**
Minute Entry for proceedings held before Judge Cathy Ann Bencivengo :Initial Appearance on Indictment as to Eduardo Barajas (1), Victor Ramos (2), Alejandro Velarde (3), Thomas Alejandro Manzano (6), Deric Williams (7), Julio Cesar Jimenez (8), Ernesto Roman Lopez (9) held on 11/7/2007. Attorneys David J Zugman appointed (N/A) for Eduardo Barajas, Mark F. Adams appointed (N/A) for Victor Ramos, Charles Halligan Adair appointed (N/A) for Alejandro Velarde, Nancy Bryn Rosenfeld appointed (N/A) for Thomas Alejandro Manzano, Anthony Edward Colombo, Jr appointed (N/A) for Deric Williams, Charles N Guthrie appointed (N/A) for Julio Cesar Jimenez, and Frank J Ragen, II appointed (N/A) for Ernesto Roman Lopez. Oral Motion to Detain (flight risk) by the Govt as to all defts; Detention Hearing set for all defts for 11/9/2007 at 02:30 PM in Courtroom E before Magistrate Judge Cathy Ann Bencivengo. Arraignment on the Inidictment as to Ernesto Roman Lopez (9), Victor Ramos (2), Julio Cesar Jimenez (8), Alejandro Velarde (3), Eduardo Barajas (1), Deric Williams (7), Thomas

Alejandro Manzano (6) re Count 1 held on 11/7/2007. Not Guilty plea entered; Motion Hearing/Trial Setting set for all defts for 12/17/2007 at 02:00 PM in Courtroom 4 before Judge William Q. Hayes. (Tape #CAB07-2:05-2:15).(Plaintiff Attorney Lauren Barefoot, AUSA).(Defendant Attorney Carey Gorden, FD S/A). (lmh)

**3:07-cr-2985-9 Notice has been electronically mailed to:**
Charles Halligan Adair adair.c@sbcglobal.net
Mark F. Adams ediaz@prodigy.net, markadamsesq@yahoo.com
Charles N Guthrie charlesnguthrie@aol.com
Frank J Ragen, II fjragen@aol.com, lalanya@cox.net, lucia_ls18@hotmail.com
Nancy Bryn Rosenfeld nrosenfeld@aol.com
David J Zugman zugman@sbcglobal.net
U S Attorney CR Efile.dkt.gc2@usdoj.gov
Anthony Edward Colombo, Jr anthonycolombolegal@yahoo.com, nrodoffice@yahoo.com

**3:07-cr-2985-9 Notice has been delivered by other means to:**

**3:07-cr-2985-2 Notice has been electronically mailed to:**
Charles Halligan Adair adair.c@sbcglobal.net
Mark F. Adams ediaz@prodigy.net, markadamsesq@yahoo.com
Charles N Guthrie charlesnguthrie@aol.com
Frank J Ragen, II fjragen@aol.com, lalanya@cox.net, lucia_ls18@hotmail.com
Nancy Bryn Rosenfeld nrosenfeld@aol.com
David J Zugman zugman@sbcglobal.net
U S Attorney CR Efile.dkt.gc2@usdoj.gov
Anthony Edward Colombo, Jr anthonycolombolegal@yahoo.com, nrodoffice@yahoo.com

**3:07-cr-2985-2 Notice has been delivered by other means to:**

**3:07-cr-2985-8 Notice has been electronically mailed to:**
Charles Halligan Adair adair.c@sbcglobal.net
Mark F. Adams ediaz@prodigy.net, markadamsesq@yahoo.com
Charles N Guthrie charlesnguthrie@aol.com
Frank J Ragen, II fjragen@aol.com, lalanya@cox.net, lucia_ls18@hotmail.com
Nancy Bryn Rosenfeld nrosenfeld@aol.com
David J Zugman zugman@sbcglobal.net
U S Attorney CR Efile.dkt.gc2@usdoj.gov
Anthony Edward Colombo, Jr anthonycolombolegal@yahoo.com, nrodoffice@yahoo.com

**3:07-cr-2985-8 Notice has been delivered by other means to:**

# Notice of Appeal Notification Form

**Date:** 12/18/07

**To:** Clerk, U.S. Court of Appeals
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: United States of America v. Deric Williams

U.S.D.C. No.: 07cr2985 WQH - 7 U.S.D.C. Judge: William Q. Hayes

Complaint/Indictment/Petition Filed: Indictment

Appealed Order Entered: 12/12/2007

Notice of Appeal Filed: 12/17/2007

Court Reporter: Mauralee Ramirez

COA Status: ☐ Granted in full/part (appeal only) ☐ Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: ☐ Paid ☐ Not Paid ☒ No Fee Required

USA/GOVT. APPEAL: ☐ Yes ☒ No

Date F/P granted (Show Date and Attach Copy of Order): ____________

Was F/P Status Revoked? ☐ Yes ☐ No

Companion Case(s): (Please list consolidated cases, if applicable) ____________

## Counsel Information

**Appellant Counsel:**

Anthony E. Colombo, Jr.
Law Office of Anthony E Colombo, Jr

105 West F Street
3rd Floor
San Diego, CA 92101

(619) 236-1704

**Appellee Counsel:**

Michael J Crowley
US Attorneys Office, Southern District of CA

880 Front Street
Room 6293
San Diego, CA 92101

(619) 557-5733

Counsel Status: ☐ Retained ☒ Appointed ☐ Pro Se

Appointed by: Cathy Ann Bencivengo
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: ____________

Bail: ______________________
Custody: x______________________

**SERVICE LIST**

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| x | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order Denying Motion to Revoke Order of Detention entered 12/12/07, NEF Minutes Appointing Counsel entered 11/8/07 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer
Deputy's Name

L. Hammer
Deputy's Signature

**UNITED STATES DISTRICT COURT**
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: **USCA No:**
**USDC No: 07cr2985 WQH - 7**
**USA v. Williams**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | | |
|---|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | x | Docket Entries | |
| x | Case Information/Docket Fee Payment Notification Form | | | | |
| x | Order for Time Schedule (Criminal) | | | | |
| | Original Clerk's Record in | | set(s) of | | volume(s). |
| | Reporter's transcript's transcripts in | | set(s) of | | volume(s). |
| | Exhibits in | envelope(s) | box(es) | | folders(s) |
| | Judgement Order | | | F/P Order | |
| | CJA Form 20 | | | Minute Order | |
| | Certificate of Record | | | Mandate Return | |
| | Magistrate Judge's Report and Recommendation | | | | |
| | COA Order | | | | |
| | Amended docket fee notification form | | | | |
| | Order Appointing Counsel for Appeal | | | | |
| x | Order Denying Motion entered 12/12/07, NEF Minutes Appointing Counsel entered 11/8/07 | | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: **L. Hammer**
Lauren Hammer, **Deputy**

Date: 12/18/07